| |
|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DAEMEL ANDERSON,**<br><br>                              **Plaintiff,**<br>v.<br><br>**City of New York, NYPD Officer Max Bermudez (Shield #1429), NYPD Officer Anthony Caltabiano (Shield #7499), NYPD Officer Daniel Cahill (Shield #17934) and NYPD Sgt. Jason Lamitola (Shield #01814).**<br><br>                              **Defendants.** | **Amended Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.:15-CV- 6246 (AJN) |

**PRELIMINARY STATEMENT**

1. Plaintiff brings this civil rights action against the City of New York and New York City Police Officers Max Bermudez, Anthony Caltabiano, Daniel Cahill and Jason Lamitola, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for Officers Caltabiano, Cahill and Lamitola's failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

**JURISDICTION AND VENUE**

1

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Daemel Anderson ("Plaintiff" or "Mr. Anderson") is a twenty nine (29) year old man who resides in the County of Queens, City and State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officers Max Bermudez, Anthony Caltabiano, Daniel Cahill and Jason Lamitola are members of the New York City Police Department ("NYPD") who were so employed on August 11, 2013. Defendants Bermudez, Caltabiano, Cahill and Lamitola were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Defendants Bermudez, Caltabiano, Cahill and Lamitola are sued in their individual and official capacities.

## STATEMENT OF FACTS

8. On August 11, 2013, Plaintiff was leaving his friend's father's memorial barbeque in the vicinity of 126th Street and 8th Avenue, City County and State of New York.

9. At approximately 3:40 a.m., Plaintiff and two friends entered the van Plaintiff had driven earlier that day, when arriving; and was about to drive.

10. Plaintiff had not consumed any alcoholic beverages that evening, or the day before; Plaintiff had not and does not use any illegal drugs.

11. Plaintiff checked his side view and rear view mirrors and pulled out of the parking spot on the side of the road.

12. The light at the corner was red, so Plaintiff was only going to pull-up to the stop light.

13. As Plaintiff pulled out, an NYPD van, moving at a very high rate of speed, clipped the driver's side of Plaintiff's van.

14. Plaintiff immediately got out of the van to assess the damage to the van he was driving.

15. Defendants Bermudez, Caltabiano, Cahill and Lamitola, who had been in the NYPD van came walking up the street toward Plaintiff.

16. Rather than apologizing for recklessly side-swiping Plaintiff's van, the defendant officers arrested Plaintiff alleging that he had been driving under the influence, which was not true.

17. Plaintiff was transported to the precinct for processing where he remained for four-five (4-5) hours.

18. About sixteen (16) hours later, Plaintiff was arraigned before a Criminal Court Judge.

19. At arraignment, Plaintiff learned of the fabricated criminal charges levied against him, which consisted of assault, operating a motor vehicle while intoxicated, reckless endangerment and reckless driving.

20. Bail was set and posted.

21. As the criminal case proceeded in Manhattan Criminal Court, Plaintiff's assigned counsel was able to obtain video footage from the scene, which corroborated Plaintiff's account of events.

22. Plaintiff also learned from his assigned attorney that the police report said that Plaintiff was swerving and ran into the officers' parked vehicle, which is not only fabricated, but proven to be untrue based on the video footage obtained.

23. Plaintiff attended Criminal Court sixteen (16) times, over the course of two (2) years and on August 4, 2015, all of the criminal charges that had been levied against Plaintiff were dismissed in the entirety.

24. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation – all to his detriment.

## FIRST CLAIM
*Unlawful Search and Seizure*

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants Caltabiano, Cahill and Lamitola violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion or probable cause to do so.

27. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

28. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation – all to his detriment.

## SECOND CLAIM
*False Arrest*

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendant Bermudez violated the Fourth and Fourteenth Amendments because he arrested Plaintiff without probable cause.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
*Failure to Intervene*

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants Caltabiano, Cahill and Lamitola were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

34. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
*MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983*

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants Bermudez, Caltabiano, Cahill and Lamitola maliciously misrepresented to the Manhattan District Attorney's Office that Plaintiff had violated the law.

38. The criminal action against Plaintiff was initiated and continued for a period of two (2) years.

39. Defendants Bermudez, Caltabiano, Cahill and Lamitola lacked probable cause for the commencement of the criminal proceeding against Plaintiff.

40. In this regard, Defendants Bermudez, Caltabiano, Cahill and Lamitola were not motivated to serve justice, but rather, they were motivated to earn overtime compensation, enhance their arrest records and charge Plaintiff with violating the law, when in fact, they were the ones who had acted recklessly in the manner that they had been driving with they collided with and side-swiped Plaintiff's van.

41. The criminal case filed against Plaintiff was ultimately completely dismissed.

42. Accordingly, Defendants Bermudez, Caltabiano, Cahill and Lamitola are liable to Plaintiff for malicious prosecution.

### **FIFTH CLAIM**
### *MONELL CLAIM*

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

45. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

46. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a

policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

47. The City has been alerted to the regular incidents of false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

48. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

49. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify

truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

50. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

51. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

52. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

53. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

54. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, and physical pain – all to his detriment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

d. Such other relief as this Court shall deem just and proper.


Dated:  February 25, 2016
        New York, NY

                                          **s/Michael J. Redenburg**
                                          Michael J. Redenburg (NY #MR4662)
                                          MICHAEL J. REDENBURG, ESQ. PC
                                          11 Park Place, Suite 817
                                          New York, NY 10007
                                          mredenburg@mjrlaw-ny.com
                                          1-212-240-9465 (Phone)
                                          1-917-591-1667 (Fax)